UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**KELLY OTT; NANCY LUEBBEN;** and
**BENJAMIN GESLER,** on behalf of
themselves and all others similarly situated**,**

        Plaintiffs,

    v.

**MORTGAGE INVESTORS
CORPORATION OF OHIO, INC.,** an Ohio
corporation also doing business as
**MORTGAGE INVESTORS
CORPORATION, AMERIGROUP
MORTGAGE CORPORATION,
VETERANS INFORMATION
DEPARTMENT** and **VETERANS HOME
LOANS; WILLIAM EDWARDS,**
individually; **JEFFREY CRILLEY,**
individually; **JAMES SHATZ,** individually;
and **JOHN WESLEY BAILEY III,**
individually**,**

        Defendants.

Case No. 3:14-cv-00645-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

      In this class action lawsuit, plaintiffs allege that defendants, including Mortgage Investors Corporation ("MIC"), placed millions of telemarking calls to veterans of the United States military, or people MIC believed to be veterans, for the purpose of selling them mortgage

1 – OPINION AND ORDER

products. On December 16, 2014, plaintiffs served 15 separately numbered interrogatories (one of which was later withdrawn) on MIC designed to elicit information regarding the calls. Pursuant to FRCP 33(a)(1), "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Based on its analysis of the subparts in the remaining 14 interrogatories, MIC asserts that plaintiffs served at least 42 interrogatories, responded only to Interrogatories Nos. 1-7, and refused to respond further on the basis that it had, at that point, answered 25 interrogatories.

MIC has filed a Motion for Protective Order (docket #96) asking the court to determine that plaintiffs have impermissibly propounded more than 25 interrogatories and that MIC need not respond to any additional interrogatories after Interrogatory No. 7 or, in the alternative, determine the number of interrogatories already propounded by plaintiffs and establish a total per-side interrogatory limit that allows plaintiffs no more than five additional interrogatories. For the reasons set forth below, that motion is denied.

## LEGAL STANDARDS

As a general rule, subparts are counted as a separate interrogatory if "the question in the subpart can be answered independently of the 'primary' question." *Phillips v. Clark Cnty. Sch. Dist.*, , No. 10-02068, 2012 WL 135705, at *6 (D Nev Jan. 18, 2012) (citation omitted). "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Thomas v. Yates*, No. 05-01198, 2009 WL 3273280, at *2 (ED Cal Oct. 9, 2009) (quotation omitted). For example, an interrogatory that asks for information and also asks for the identification of documents relating to that information should be counted as two separate interrogatories. *Kendall v. GES Exposition*

*Servs., Inc.*, 174 FRD 684, 686 (D Nev 1997); *Banks v. Office of the Senate Sergeant–At–Arms*, 222 FRD 7, 10 (D DC 2004) ("knowing that an event occurred is entirely different from learning about documents that evidence it occurred").

On the other hand, subparts are counted as a single interrogatory if "they are logically or factually subsumed within and necessarily related to the primary question." *Safeco of Am. v. Rawstron*, 181 FRD 441, 445 (CD Cal 1998), quoting *Kendall*, 174 FRD at 685. Where subparts "are simply designed to obtain additional details concerning the general theme presented in the primary interrogatory question," they are considered a single request. *Estate of Manship v. United States*, 232 FRD 552, 554 (MD La 2005) (holding that subparts seeking "who, what, when, where and how" information which relates to a common theme constitute a single interrogatory), *aff'd* 2006 WL 594521 (MD La, Jan. 13, 2006); *see also U.S. ex rel. Birckhead Elec., Inc. v. James W. Ancel, Inc.*, No. WDQ-13- 2498, 2014 WL 7364461, at *3 (D Md Dec. 23, 2014) (citing cases holding that "identification of persons with knowledge constitutes a subpart of a single interrogatory").

## DISCUSSION

The parties agree that Interrogatories Nos. 2, 4, 9, and 11 should each be counted as two interrogatories and that Interrogatories 10, 12, and 15 should each be counted as one interrogatory, for a total of 11 separate interrogatories. That leaves Interrogatories Nos. 1, 3, 5-8, and 14 in dispute.

Interrogatory No. 1 seeks information concerning the expert witnesses MIC intends to call at trial or to support its opposition to class certification. That is the same information that MIC is required to disclose in any event under FRCP 26(b)(2). Therefore, it can be disregarded entirely or, at worst, counted as a single interrogatory.

3 – OPINION AND ORDER

Interrogatory No. 3 is a single interrogatory. It asks MIC to provide information regarding the allegedly unlawful calls at issue in this lawsuit. The subparts seek to clarify the scope of the information plaintiffs seek regarding the calls, namely the telephone number, date of the call, identity of the person being called, the person(s) responsible for making the calls, the manner in which the calls were placed (preview, manual, or autodialed), the campaign each call was made for, and the "status" of the call, specifically whether it was answered by a person rather than a voicemail or answering machine. The primary question of describing or identifying the calls cannot be answered unless this information is provided. Thus, this interrogatory counts as one.

MIC argues that Interrogatory No. 5 should be counted as three interrogatories. Plaintiffs agree that subparts (a) and (b) may be counted as two interrogatories since they ask two independent questions about MIC's lead generation, including the identity of the sources of telephone numbers and the manner in which the telephone number lists were compiled. That leaves subpart (c) which asks MIC to identify the persons or entities who compiled the lists. This court agrees with plaintiffs that subpart (c) is logically subsumed in subparts (a) and (b). Thus, this interrogatory should be counted as two interrogatories.

MIC maintains that Interrogatory No. 6 should be counted as five interrogatories. It requests all facts, witnesses and documents supporting MIC's "prior express consent" defense. To remove any ambiguity as to the types of facts they seek, plaintiffs ask for identification of websites that MIC alleges class members used to "opt in" to receiving calls from MIC, the vendors who obtained consent on MIC's behalf, the exact wording of all such consents, the identities of all persons who provided their prior express consent, and witnesses with knowledge of such consent. This is merely a request for "who, what, when, where and how" information.

However, plaintiffs agree that the subpart requesting the identity of documents can be counted as a separate interrogatory. Thus, the interrogatory should be counted as two interrogatories.

Interrogatory No. 7 also uses subparts to seek additional detail regarding MIC's "prior express consent" defense to plaintiffs' National Do-Not-Call claim based on signed, written agreements. Similar to Interrogatory No. 6, it seeks all facts demonstrating such consent, including websites where the agreements may be found, the manner in which the agreements were signed, the vendors who obtained the documents on MIC's behalf, the exact wording of the agreements, and witnesses with knowledge of the agreements. These subparts are factually and logically related to a common theme. However, one subpart of this interrogatory seeks the identity of every document "that supports or pertains to the existence of such agreements." Since it does not simply seek production of the signed written agreements themselves, but more broadly seeks to identify all related documents, it must be counted as a separate interrogatory. Thus, this interrogatory should be counted as two interrogatories.

Interrogatory No. 8 similarly uses subparts to seek all facts, witnesses and documents supporting MIC's established business relationship defense. It should be counted as two interrogatories for the same reasons as Interrogatory No. 6.

The remaining interrogatory in dispute is Interrogatory No. 14 which asks MIC to identify each "opt-in" outbound calling campaign, including the name, dates, numbers of outbound calls made, sources of telephone numbers called, and whether and how the numbers were scrubbed, and the identity of files produced by MIC that contain those numbers and related information. Because MIC cannot completely respond to this central request without providing all of the enumerated information, this request should count as a single interrogatory.

5 – OPINION AND ORDER

Therefore, by this court's count, plaintiffs have propounded 21 (or 22 if including Interrogatory No. 1), well-within the limits of FRCP 33(a)(1). Even if plaintiffs' interrogatories exceed 25, this court would grant leave to plaintiffs to serve additional interrogatories consistent with FRCP 26(b)(2). Permitting the parties to exceed the limit pursuant to FRCP 33(a)(1) is appropriate in this complex proposed class action case involving multiple parties, claims, and affirmative defenses.

Plaintiffs seek an award of their attorney fees incurred to respond to MIC's motions. Pursuant to FRCP 37(a)(5), if a motion to compel discovery is denied, the court "must . . . require the movant . . . to pay the party . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." This rule also applies to motions for protective orders. FRCP 26(c)(3).

After MIC served its discovery responses, the parties conferred on January 20, 2015, regarding the interrogatory issue. Murray Decl. (docket #100), Ex. 4. During that conference, MIC's counsel requested that plaintiffs send an email explaining the basis for their count, and plaintiffs' counsel advised that they were preparing a meet-and-confer letter regarding other objections that MIC had lodged to their responses. *Id*, ¶ 7. That same day, plaintiffs' counsel emailed to MIC's counsel the requested explanation for its count of 24 interrogatories. *Id*, Ex. 5, pp. 2-3. The next morning, MIC's counsel sent plaintiffs' counsel an email cancelling the parties' follow-up telephone conference and stating: "Thank you for your email. We disagree with plaintiffs' total count. Because the parties cannot reach an agreement, we do not believe another call would be productive. Accordingly, we will proceed with our motion." *Id*, Ex. 5, p. 1. Thirty minutes later, before plaintiffs' counsel could respond to the email, MIC filed this

motion, attaching a six-page chart which had not previously been shared with plaintiffs' counsel. *Id*, Ex. 6.  MIC clearly drafted the motion and chart before cancelling the call to further confer.

Plaintiffs characterize MIC's motion as not substantially justified because it was filed without first meaningfully conferring about the parties' differing counting methodologies. Nothing in FRCP 37(a)(5) requires conferral before filing a motion.  Whether a motion is substantially justified rests instead on its merit.  MIC stated its method of counting in its objections to plaintiffs' interrogatories, and plaintiffs responded with an explanation of its contrary method of counting.  Given the lack of clear guidelines by this court regarding how to count subparts under FRCP 33(a), both parties had substantial justification for their differing positions.

The issue of conferral is governed by Local Rule 7-1(a)(1)(A) which requires "a good faith effort through personal or telephone conferences to resolve the dispute."  Based on plaintiffs' email response (which agreed entirely or partially with MIC's count as to Interrogatories Nos. 2, 4, 5), MIC believed that further conferral would not lead to agreement. Nonetheless, MIC did not comply with its obligation to meet and confer in a good faith attempt to resolve the dispute before filing its motion.  As plaintiffs correctly note, MIC's own interrogatories served on plaintiffs (Murray Decl., Ex. 8-10) exceed the numerical limit if MIC's methodology is applied fairly to them.  Had plaintiffs been given an opportunity to make this point to MIC, then MIC may have avoided taking an inconsistent position when objecting to plaintiffs' interrogatories.  The sanction for violating Local Rule 7-1(a)(1)(A) is not to award attorney fees to plaintiffs, but to deny the motion.

///

///

7 – OPINION AND ORDER

## **ORDER**

MIC's Motion for Protective Order (docket #96) is DENIED, and MIC shall respond to plaintiff's remaining Interrogatories Nos. 8-12 and 14-15 in seven days. In addition, plaintiffs' request for an award of attorney fees is DENIED.

DATED February 17, 2015.

                                               s/ Janice M. Stewart
                                                  Janice M. Stewart
                                                  United States Magistrate Judge