## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

**KELLY OTT; NANCY LUEBBEN;** and
**BENJAMIN GESLER,** on behalf of
themselves and all others similarly situated**,**

        Plaintiffs,

**v.**

**MORTGAGE INVESTORS
CORPORATION OF OHIO, INC.,** an Ohio
corporation also doing business as
**MORTGAGE INVESTORS
CORPORATION, AMERIGROUP
MORTGAGE CORPORATION,
VETERANS INFORMATION
DEPARTMENT** and **VETERANS HOME
LOANS; WILLIAM EDWARDS,**
individually; **JEFFREY CRILLEY,**
individually; **JAMES SHATZ,** individually;
and **JOHN WESLEY BAILEY III,**
individually**,**

        Defendants.

Case No. 3:14-cv-00645-ST

**OPINION AND ORDER**

**STEWART, Magistrate Judge:**

### <u>INTRODUCTION</u>

    Plaintiffs filed this class action against defendants for violations of the Telephone

Consumer Protection Act, 47 USC § 227 ("TCPA"), by means of a nationwide telemarketing

scheme targeted at U.S. military veterans. Defendant, Mortgage Investors Corporation of Ohio, Inc. ("MIC"), is a mortgage lending company doing business under several other names and specializing in Interest Rate Reduction Refinance Loans guaranteed by the United States Department of Veterans Affairs. The four individual defendants (William Edwards, Jeffrey Crilley, James Shatz, and John Wesley Bailey III) are directors, officers and employees of MIC ("Individual Defendants").

The Individual Defendants filed a Motion to Dismiss pursuant to FRCP 12(b)(2) based on lack of personal jurisdiction (docket #33) which this court denied by Order dated December 3, 2014 (docket #83). *Ott v. Mortgage Investors Corp. of Ohio, Inc.*, No. 3:14-CV-00645-ST, 2014 WL 6851964 (D Or Dec 3, 2014). The Individual Defendants now have filed a Motion to Certify Order for Interlocutory Appeal (docket #103). For the reasons set forth below, that motion is denied.

## **LEGAL STANDARD**

Pursuant to 28 USC § 1291, appellate review is available only after a final judgment has been entered by a district court. However, the Interlocutory Appeals Act, 28 USC § 1292(b), provides a limited exception to this final judgment rule. It authorizes district courts to certify an order for interlocutory appeal if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id*; *Reese v. BP Exploration (Alaska), Inc.*, 643 F3d 681, 687-88 (9th Cir 2011).

Even if these three statutory criteria are satisfied, district courts have "unfettered discretion" to deny certification. *Villareal v. Caremark LLC*, No. CV-14-00652–PHX–DJH, 2015 WL 545522, at *3 (D Ariz Feb. 2, 2015) (internal quotation marks and citation omitted);

*see also Exec. Software N. Am., Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F3d 1545, 1550 (9th Cir 1994) (noting that a district court's certification decision is "unreviewable"). As the Ninth Circuit has cautioned, § 1292(b) "is to be applied sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F2d 784, 799 n11 (9th Cir 1959) (citations omitted). "Congress did not intend that the courts abandon the final judgment doctrine and embrace the principle of piecemeal appeals." *Id* (internal quotation marks and citation omitted). Instead, the legislative history makes clear that § 1292(b) is reserved for "exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, as antitrust and similar protracted cases." *U.S. Rubber Co. v. Wright*, 359 F2d 784, 785 n2 (9th Cir 1966) (quotation omitted). It "was not intended merely to provide review of difficult rulings in hard cases." *Id.*

## DISCUSSION

### I.   Timeliness

Plaintiffs first object to the Individual Defendants' motion for certification as untimely filed. A motion under § 1292(b) need not be filed within any particular time, but some courts require that it be filed "within a reasonable time." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F3d 674, 675 (7th Cir 2000) (emphasis omitted); *Lopez v. Youngblood*, No. 1:07cv0464 DLB, 2009 WL 2062883, at *3 (ED Cal July 15, 2009) (adopting the *Ahrenholz* "reasonable time" requirement). Although what constitutes a "reasonable time" varies, some courts have condemned delays of two months. *Richardson Elec. Ltd. v. Panache Broad.*, 202 F3d 957, 958 (7th Cir 2000) (finding two month delay to file § 1292(b) motion to be "inexcusably dilatory"); *Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F Supp 978, 979 (EDNY 1992) (rejecting § 1292(b) motion when no justification offered for a nearly two and a half month delay).

The Individual Defendants waited 78 days after entry of the court's Order on December 3, 2014, before filing their motion on February 19, 2015.  They explain that delay due to the intervening holiday season with previously scheduled vacations, the need to respond to discovery requests and prepare a motion for a protective order, and the need to confer with four individual clients to consider the utility of filing the motion.  Given this explanation, this court finds that the Individual Defendants brought this motion within a reasonable time.

**II.**     **Statutory Criteria**

    **A.**     **Controlling Questions of Law**

A "question of law" is "controlling" under § 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Shurance v. Planning Control Int'l, Inc.*, 839 F2d 1347, 1347 (9th Cir 1988) (internal quotation marks and citation omitted).  A "question of law" means a "pure question of law," not a mixed question of law and fact or an application of law to a particular set of facts.  *See Ahrenholz*, 219 F3d at 675-77.  However, when the underlying facts are undisputed, the issue of personal jurisdiction is a question of law.  *Panavision Int'l, L.P. v. Toeppen*, 141 F3d 1316, 1319-20 (9th Cir 1988).

To be "controlling," that question of law must "materially affect the outcome" of the action.  The outcome would be materially affected if it terminated the action in its entirety.  However, reversal of this court's Order would terminate only those claims directed against the Individual Defendants, not the claims against MIC.  Nonetheless, resolution of an issue need not necessarily terminate the entire action in order to "materially affect the outcome," but may terminate all claims against some, but not all, parties.  *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F2d 21, 24 (2nd Cir 1990); *Bush v. Adams*, 629 F Supp2d 468, 474 (ED Cal 2009).   If this court lacks personal

jurisdiction over the Individual Defendants, then all claims against them would be dismissed (at least in the District of Oregon).

Thus, the first requirement for certification under § 1292(b) is satisfied.

### B.    Substantial Ground for Difference of Opinion

To demonstrate "a substantial ground for difference of opinion" on a question for § 1292(b) certification, "courts must examine to what extent the controlling law is unclear." *Couch v. Telescope, Inc.*, 611 F3d 629, 633 (9th Cir 2010).  This difference of opinion traditionally exists where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"  *Id*, quoting 3 Fed Proc Lawyers Ed. § 3:212 (2010) (footnotes omitted).  However, "'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'"  *Id* (footnotes omitted).  A party must show more than strong disagreement with a court's ruling.  *Id*.  "That settled law might be applied differently does not establish a substantial ground for difference of opinion."  *Id* (citations omitted).

The Individual Defendants assert that substantial ground for a difference of opinion exists with respect to two issues:  (1) whether a court may exercise personal jurisdiction over an Individual Defendant when the complaint alleges no other acts than the performance of official corporate duties and no personal contacts with the forum state; and (2) whether a complaint states a claim for individual liability under the TCPA when it does not allege sufficient involvement by the Individual Defendants in the alleged activity of the corporate defendant.

With respect to the first issue, the Individual Defendants argue that under the fiduciary shield doctrine, "a person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F2d 515, 520 (9th Cir 1989).  However, the the Ninth Circuit has held that the fiduciary shield doctrine may be disregarded "in cases in which the corporation is the agent or alter ego of the individual defendant . . . or where there is an identity of interests between the corporation and the individuals." *Id* at 520-21 (internal quotation marks and citations omitted).  In addition, the fiduciary shield doctrine does not trump long-arm statutes that are coextensive with due process.  *Id* at 522 (concluding that Arizona's long-arm statute extended jurisdiction to constitutional due process limits and was not limited by the fiduciary shield doctrine).  Oregon's long-arm statute extends jurisdiction to the limits of constitutional due process.  *Gray & Co. v. Firstenberg Mach. Co., Inc.*, 913 F2d 758, 760 (9th Cir 1990) (citations omitted).  Thus, this court concluded that under the controlling principles in *Davis*, "there is no fiduciary shield protection and the court may assert personal jurisdiction over the individuals" consistent with due process.  *Ott*, 2014 WL 6851964, at *5, citing *Garrison v. Bally Total Fitness Holding Corp*., No. 04-1331-PK, 2005 WL 3143105, at *2 (D Or Nov. 23, 2005).

The Individual Defendants fail to cite a single Ninth Circuit or out-of-circuit authority expressing different general rules governing personal jurisdiction.  Instead, they maintain that some district court decisions conflict with this court's application of these general principles, citing the same cases as in their original motion.  This court considered each of these cases and found that none disregards Oregon's long-arm statute or addresses jurisdiction over persons who allegedly violated the TCPA.  *Ott*, 2014 WL 6851964 at *5 (citations omitted).  Given the lack of

a "single case that conflicts with the district court's construction or application," no substantial ground for disagreement exists. *Couch*, 611 F3d at 633.

The Individual Defendants also fail to identify any difference of opinion over Ninth Circuit law regarding the "minimum contacts" necessary to invoke personal jurisdiction. Instead, they argue that this court misapplied the "purposeful direction" prong of the minimum contacts test by imposing a less rigorous standard than other courts. The Individual Defendants introduce nothing new that this court has not already considered, relying on the same cases cited in their reply brief on the motion to dismiss.

As in their initial motion, they ignore plaintiffs' allegations that the Individual Defendants did more than simply oversee MIC's operations because they purposely directed their activities to Oregon when they formulated, directed, implemented, and ratified a telemarketing scheme aimed at selected states, including Oregon. The Individual Defendants cite no contrary case, but merely repeat the authority and argument cited in their original briefing on the motion to dismiss. None of this argument provides a basis for interlocutory review.

The second issue as to individual liability under the TCPA also presents no substantial grounds for a difference of opinion. As this court previously pointed out, "[a]lthough the Ninth Circuit has not ruled on this issue, numerous district courts have held that corporate actors may be held individually liable for violating the TCPA where they had direct personal participation in or personally authorized the conduct found to have violated the statute." *Ott*, 2014 WL 6851964, at *9 (internal quotation marks and citations omitted). "Where courts have declined to find personal liability, there has been little evidence of the corporate officer's direct participation in the wrongdoing." *Id* at *10 (citation omitted). This is consistent with general agency law. In

compliance with that law, plaintiffs allege that the Individual Defendants either directly participated in the unlawful telemarketing scheme or personally authorized the scheme or both.

For a contrary conclusion, the Individual Defendants primarily rely on a single, unpublished, out-of-circuit district court order stating in a footnote that it "does not necessarily endorse, or find persuasive" the way in which other district courts have applied the legal principles regarding individual liability for corporate officers. *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at n1 (SD Fla Mar. 27, 2013). That is not a substantial basis for difference of opinion. *Couch*, 611 F3d at 634. Furthermore, the Individual Defendants fail to cite a single case deciding the question of individual liability on a motion to dismiss. All of their cited cases involve decisions on summary judgment motions or after trial where the factual record was more fully developed.

Disagreement by the Individual Defendants with the result reached by this court is not compelling or even persuasive with respect to showing substantial grounds for differences of opinion. Accordingly, the Individual Defendants fail to satisfy the second requirement to certify a question for appeal under § 1292(b).

### C.  Material Advancement of the Ultimate Termination of the Litigation

Even if the Individual Defendants satisfied the second requirement under § 1292(b), they clearly falter on the third requirement that an interlocutory appeal materially advance the ultimate termination of this litigation. Resolution of a question materially advances the termination of litigation if it "facilitate[s] disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later in order to save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F Supp2d 1180, 1182 (CD Cal 2004) (internal quotation marks and citation omitted).

Resolving whether this court has personal jurisdiction over the Individual Defendants would not end this case or even slow it down.  Even if the Ninth Circuit dismissed the Individual Defendants, the parties still would proceed through discovery, class certification, dispositive motion practice, and trial with the Individual Defendants involved in all aspects of the case.  As the alleged perpetrators of the unlawful telemarketing scheme at issue, the Individual Defendants are key witnesses who will produce documents, give depositions, and testify at trial regardless of whether they are named as defendants or not.   Discovery will proceed in largely the same fashion with or without them as parties.  Where "a substantial amount of litigation remains in this case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of this litigation are unpersuasive." *Friedman v. 24 Hour Fitness USA, Inc.*, No. 06–cv–6282, 2009 WL 545783, at *2 (CD Cal Mar. 3, 2009); *see also United States ex rel. Bagley v. TRW, Inc.*, No. 95–cv–4153, 2001 WL 369790, at *2 (CD Cal Mar. 26, 2001) (same).

## ORDER

For these reasons, the Motion of Individual Defendants to Certify Order for Interlocutory Appeal Pursuant to 28 USC § 1292(b) (docket #103) is DENIED.

DATED  April 14, 2015.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge
