UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **KELLY OTT** and **BENJAMIN GESLER,** on behalf of themselves and all others similarly situated**,** and **NANCY LUEBBEN,** individually**,**<br><br>                              Plaintiffs,<br><br>       v.<br><br>**MORTGAGE INVESTORS CORPORATION OF OHIO, INC.,** an Ohio corporation, also doing business as **MORTGAGE INVESTORS CORPORATION, AMERIGROUP MORTGAGE CORPORATION, VETERANS INFORMATION DEPARTMENT** and **VETERANS HOME LOANS;**,<br><br>                              Defendants. | No.  3:14-cv-00645-ST<br><br><br><br><br><br>**PRELIMINARY APPROVAL ORDER** |

## **PRELIMINARY APPROVAL ORDER**

**WHEREAS**, on or about June 1, 2015, the Parties entered into a Settlement Agreement, which sets forth the terms and conditions of the Settlement and release of certain claims against defendant Mortgage Investors Corp. ("MIC" or "Defendant") and the Released Parties; the Court having reviewed and considered the Settlement Agreement, which defines the capitalized terms used herein, and all of the filings, records, and other submissions; the Court finds upon a preliminary examination that the Settlement Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Settlement Class in order to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order and final judgment should be entered in this Action pursuant to the terms and conditions set forth in the Settlement Agreement.[1]

**THEREFORE, THE FOLLOWING IS HEREBY ORDERED**:

1. For purposes of settlement only, this Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the Settlement Class.

2. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is preliminarily certified as follows:

> All persons who from April 18, 2010 through June 1, 2015 were not listed in MIC's Encompass database and received (1) a call placed by MIC through the use of an automatic telephone dialing system to a cellular telephone number, or (2) telephone solicitation calls, initiated by MIC two or more times in a 12-month period to a cellular telephone line or residential telephone line where the cellular or residential telephone line number appeared on the NDNCR more than thirty days before the calls.

3. For purposes of settlement only, the Court hereby appoints Plaintiffs Ott and Gesler as "Class Representatives" pursuant to Rule 23 of the Federal Rules of Civil Procedure,

---

[1] Capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

and finds that, for settlement purposes only, these Class Representatives have and will fairly and adequately protect the interests of the Settlement Class.

4. For purposes of settlement only, the Court appoints the attorneys at Terrell Marshall Daudt & Willie PLLC, Williamson & Williams, and Lindsay Hart, LLP as Class Counsel and finds that for settlement purposes, Class Counsel have and will fairly and adequately protect the interests of the Settlement Class.

5. The Court preliminarily finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as follows:

    a. The number of members in the Settlement Class is so numerous that joinder of all members is impracticable;

    b. There are common questions of law and fact;

    c. The claims of the Class Representatives are typical of the claims of the Settlement Class;

    d. The Class Representatives and Class Counsel will fairly and adequately represent and protect the interests of the Settlement Class;

    e. The questions of law and fact common to the members of the Settlement Class will predominate over individual questions of law and fact; and

    f. A class action is superior to other methods of adjudication.

6. The Court appoints Angeion Group, LLC as the Claims Administrator, who shall fulfill the functions, duties, and responsibilities of the Claims Administrator as set forth in the Settlement Agreement and this Order.

7. The Court approves the proposed forms of notice and notice plan for giving direct notice to the Settlement Class by U.S. Mail and E-Mail as set forth in the Settlement Agreement and its attached exhibits ("Notice Plan"). The Notice Plan, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court finds that the Notice Plan is reasonably calculated to, under all circumstances, reasonably apprise the persons in the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class.

8. Pursuant to the Settlement Agreement, the Claims Administrator shall provide individual notice via either: (a) electronic mail, to the most recent e-mail address as reflected in Defendants' reasonably available computerized account records or reasonably obtainable by the Claims Administrator; or (b) U.S. Mail, to the most recent mailing address as reflected in Defendants' reasonably available computerized account records no later than **August 19, 2015,** which is thirty (30) days following entry of this Order.

9. Members of the Settlement Class may exclude themselves from the Settlement Class by advising the Claims Administrator in writing no later than the Opt-Out Deadline, which is sixty (60) days after the date notice is sent to the Settlement Class. All such writings must be signed, and if mailed, must be postmarked no later than the Opt-Out Deadline.

10. Any Settlement Class Member who desires to object to the fairness of this Settlement must file a written objection with the Court by the Objection Deadline, which is sixty (60) days from the date notice is mailed to the Settlement Class. The objection must provide the

objector's name, address, telephone number at which the Calls were received, and the reason(s) for the objection.

11. Anyone who properly objects, as described herein, may appear at the Final Approval Hearing, including through an attorney hired at the objector's expense. Such objectors or their attorneys intending to appear at the Final Approval Hearing must file a notice of appearance with this Court no later than 10 days prior to the Final Approval Hearing. Any member of the Settlement Class who fails to comply with the provisions herein shall waive and forfeit any and all rights to appear and/or object separately, and shall be bound by the terms of this Settlement and the orders and judgments of this Court. Class Counsel shall file responses to any valid objections no later than 14 days prior to the Final Approval Hearing. MIC's counsel may file additional responses, but no later than 14 days prior to the Final Approval Hearing.

12. The Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure will be held before this Court to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement is fair, reasonable, and adequate, and should be approved by this Court; to determine whether the Final Approval Order and final judgment under this Settlement Agreement should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for service awards to the class representatives; to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and the final judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Settlement Class Members.

13. The Final Approval Hearing is scheduled for Tuesday, **November 24, 2015, at 10:00 a.m.** in Courtroom 1107A .

14. All memoranda and other submissions in support of the Final Approval Order and this Settlement shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

15. All expenses of notice shall be paid from the Settlement Fund pursuant to the Settlement Agreement.

16. Within seven (7) calendar days from the entry of the Preliminary Approval Order, MIC will make an initial payment of Two Million Dollars ($2,000,000.00) to the Settlement Fund. If the Effective Date does not take place, any remaining funds from this initial payment shall be returned to MIC, along with any accrued interest.

17. On or before thirty (30) days from the Notice Date, Class Counsel shall file and serve an application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to Plaintiffs Ott and Gesler.  The application shall be posted on the Settlement Website within 24 hours after it is filed.

18. On or before fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file and serve a motion for final approval and responses to any objections.

19. All members of the Settlement Class will be bound by all orders pertaining to the Settlement unless such persons request exclusion from the Settlement Class as provided herein. Members of the Settlement Class who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Release Claims.

20. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this Settlement.

21. This Order and the Settlement are not admissions or concessions by MIC of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

22. This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this Settlement and Order.

23. If the Effective Date does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the Settlement, including but not limited to, certification of the Settlement Class shall be automatically void, vacated, and treated as if never filed.

24. This Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.

Dated: July 20, 2015                                s/ Janice M. Stewart
                                                    United States Magistrate Judge
                                                    Janice M. Stewart